Felix DELGADO, Plaintiff,

v.

MILWAUKEE COUNTY, et al., Defendants.

C. A. No. 85–C–31.

United States District Court, E.D. Wisconsin.

July 2, 1985.

Martin Elliot Rosenthal, Milwaukee, Wis., for plaintiff.

Robert A. McKnight, Principal Asst. Corp. Counsel, Milwaukee, Wis., for defendants.

## DECISION AND ORDER

REYNOLDS, Chief Judge.

Plaintiff pro se, Felix Delgado, challenges the constitutionality of Milwaukee County's work relief program for able bodied general relief recipients and seeks declaratory, injunctive and monetary relief. Delgado contends that the County's work relief program is punitive, and places him in a condition of peonage contrary to 42 U.S.C. § 1994. Delgado was granted leave to proceed in forma pauperis on January 10, 1985, and the Court held a hearing on stipulated facts to consider his motion for a preliminary injunction. Based upon the facts developed at that hearing, and on the subsequent pleadings of the parties, the Court has determined that this action is frivolous and it will be dismissed without prejudice pursuant to 28 U.S.C. § 1915(d). *Wartman v. Branch 7, Civil Division, County Court, Milwaukee County, State of Wisc.*, 510 F.2d 130 (7th Cir.1975).

The Court initially granted the plaintiff leave to proceed in forma pauperis due to his allegation that he had been denied benefits without notice and an opportunity to be heard as to whether he had good cause for failing to comply with the work relief rules. The defendants appended to their answer a copy of the plaintiff's administrative hearing decision which rejected Delgado's claims and notified him of his right to appeal the decision in circuit court pursuant to § 49.037 Wis.Stats. Whether or not Delgado appealed that decision, he can not obtain collateral review of the merits in federal court.

For purposes of hearing the plaintiff's motion for a preliminary injunction, the parties stipulated that Delgado has been on work relief and general assistance for 26 months, that general assistance of $175 per month and food stamps are Delgado's sole means of support, that the plaintiff was required to work a sufficient number of hours each month to equal $175 at the federal minimum wage of $3.35 per hour and that Delgado was terminated from the program for 30 days after notice and hearing for failure to appear at a work relief assignment. The Court denied the plaintiff's motion for a preliminary injunction since he had demonstrated no likelihood of success on the merits, and gave the plaintiff 30 days to file additional submissions before his case would be dismissed.

With the assistance of counsel, the plaintiff filed an amended complaint which added nothing to the stipulated facts, but sought leave to proceed as a class action on behalf of all work relief participants and to join a claim for unlawful arrest arising out of Delgado's twenty minute detention by Milwaukee County Sheriff's deputies on December 24, 1984. The defendants answered the amended complaint, alleging that Delgado's subsequent incarceration pending trial on an unrelated offense meant he was no longer entitled to general relief and not a proper class representative, and that the 20 minute detention was a permissible investigative stop and not an arrest. The plaintiff subsequently filed a motion to further amend by joining another work relief participant as a named plaintiff.

■ The plaintiff's initial amended complaint does not constitute "further submissions" as authorized by the Court's order

denying a preliminary injunction. The plaintiff was granted leave to file additional materials in support of his initial complaint, and did not request leave to file an amended complaint. Fed.R.Civ.P. 15(a). The amended complaint adds nothing but class allegations to the original complaint, and the unlawful arrest claim is not sufficiently related to the class action claim to justify joinder. Joining a proper class representative would not alter the frivolous nature of the plaintiff's initial complaint.

 The plaintiff cannot state a claim for relief under 42 U.S.C. § 1994 which abolishes peonage. General assistance in Wisconsin is a voluntary program open to any dependent person as defined by the state, which provides benefits under conditions established by the state. § 49.001 Wis.Stats. et seq. Since 1945, the state has permitted counties to condition the receipt of general assistance benefits on participation in a work relief program. § 49.05. For failure to comply with established work relief rules, a relief agency may deny general relief benefits for a period not to exceed 30 days. § 49.05(8). The plaintiff is under no compulsion to participate in Wisconsin's general relief program. Moreover, because there is no threat of penal sanction for failure to abide by the work relief rules, the program does not constitute peonage under 42 U.S.C. § 1994. *Taylor v. Georgia*, 315 U.S. 25, 29, 62 S.Ct. 415, 417, 86 L.Ed. 615 (1942).

The plaintiff cites no authority for the proposition that he is entitled to general assistance under the Constitution and federal law, and the Court is not aware of any such federal entitlement. On the contrary, poor relief is solely a matter of state legislative grace. *Holland v. Cedar Grove*, 230 Wis. 177, 189, 282 N.W. 111 (1939). Delgado's claims that the state law requires Milwaukee County to provide him with meaningful work commensurate with his abilities have never been addressed by the state courts. The plaintiff had the opportunity to raise these state law issues on appeal of the administrative decision in his case, and this Court will not exercise

pendent jurisdiction to hear these claims in the first instance.

IT IS THEREFORE ORDERED that the plaintiff is denied leave to proceed in forma pauperis and this case is dismissed without prejudice pursuant to 28 U.S.C. § 1915(d).