William **BROGAN**, Plaintiff–Appellant,

v.

SAN MATEO COUNTY, Defendant–Appellee.

No. 88–15809.

United States Court of Appeals, Ninth Circuit.

Submitted March 13, 1990 *.

Decided April 18, 1990.

---

* The panel finds this case appropriate for submission without oral argument pursuant to Ninth Circuit Rule 34–4 and Fed.R.App.P. 34(a).

William Brogan, San Jose, Cal., pro se.

Deborah Penny Bennett, Deputy County Counsel, Redwood City, Cal., for defendant-appellee.

Before BOOCHEVER, WIGGINS and NOONAN, Circuit Judges.

BOOCHEVER, Circuit Judge:

William Brogan appeals pro se the dismissal of his section 1983 complaint challenging the constitutionality of the workfare program in San Mateo County and alleging that participation in the program violated his civil rights. We affirm.

FACTS

On June 10, 1988, Brogan filed a complaint in the district court for the Northern District of California, challenging his mandatory participation in San Mateo County's Vocational Rehabilitation Program, required as a condition for receiving public assistance. Brogan claimed that the workfare program violated the thirteenth amendment of the United States Constitution and 18 U.S.C. § 1581, which prohibits holding a person in a condition of peonage, and alleged a violation of his constitutional rights pursuant to 42 U.S.C. §§ 1983 and 1988. Brogan, who suffered a disabling heart attack at 61 years of age, alleged that the attack was a result of the poor working conditions in the workfare program, and asked for $250,000 in damages. He had filed a claim for $200,000 with the

County Board of Supervisors, which was denied. Although San Mateo County does provide workers' compensation benefits to participants in the work program, Brogan did not apply for those benefits.

The County moved to dismiss under Fed. R.Civ.P. 12(b)(6) on August 25, 1988; Brogan filed an amended complaint and a motion for summary judgment in response. The major allegations in the amended complaint are a denial of equal protection in the County's failure to provide disability benefits, and a denial of due process in the County Board of Supervisors' failure to hold a hearing. After a court hearing on October 28, 1988, the court denied Brogan's motion for summary judgment and dismissed his amended complaint without prejudice to his assertion of state-law causes of action against the County.

## ISSUE

*Does the workfare program violate the Constitution, and did its administration violate Brogan's civil rights?*

■ This court reviews de novo the dismissal of Brogan's action for failure to state a claim. *Trerice v. Pedersen,* 769 F.2d 1398, 1400 (9th Cir.1985).

7 U.S.C. § 2029(a)(1) authorizes

any political subdivision, in any State ... to operate a workfare program pursuant to which every member of a household participating in the food stamp program who is not exempt ... shall accept an offer from such subdivision to perform work on its behalf ... in return for compensation consisting of the allotment to which the household is entitled.

State work programs are one valid way of encouraging the recipients of public assistance to return to gainful employment. *See New York Dept. of Social Servs. v. Dublino,* 413 U.S. 405, 422, 93 S.Ct. 2507, 2517, 37 L.Ed.2d 688 (1973); *Heckler v. Turner,* 470 U.S. 184, 207–08, 105 S.Ct. 1138, 1150–

51, 84 L.Ed.2d 138 (1985). They do not constitute involuntary servitude or peonage in violation of the thirteenth amendment, which "occurs when an individual coerces another into his service by improper or wrongful conduct that is intended to cause, and does cause, the other person to believe that he or she has no alternative but to perform the labor." *United States v. Mussry,* 726 F.2d 1448, 1453 (9th Cir.), *cert. denied,* 469 U.S. 855, 105 S.Ct. 180, 83 L.Ed.2d 114 (1984). *See Delgado v. Milwaukee County,* 611 F.Supp. 278, 280 (E.D. Wisc.1985) (individual is under no compulsion to participate in general relief; state may establish conditions such as work relief for receipt of benefits, and no peonage results when no threat of penal sanctions for failure to abide by work relief rules), aff'd 789 F.2d 919 (7th Cir.1986).

To make a claim under section 1983, Brogan must show "that the conduct complained of was committed by a person acting under color of state law; and ... this conduct deprived [him] of a constitutional right." *Rinker v. Napa County,* 831 F.2d 829, 831 (9th Cir.1987). Brogan apparently alleges that the County denied his right to procedural due process by denying him benefits without a hearing before the board of supervisors.

■ When state remedies are adequate to protect an individual's procedural due process rights, a section 1983 action alleging a violation of those rights will not stand. *Wood v. Ostrander,* 879 F.2d 583, 588 (9th Cir.1989). As the district court suggested and as Brogan admits, Brogan may have some claims under state labor laws. State remedies are available in California's worker's compensation law, fair employment laws, and state tort claims act. The lack of a constitutional claim is particularly apparent here, as the County does provide worker's compensation and disability benefits to participants in the work program through its Risk Management Division, and Brogan never applied for those benefits.

On appeal, Brogan points out that under 7 U.S.C. § 2029(b)(1)(E) persons sixty years of age or older are exempt from workfare requirements. If there was a technical violation of the work program rules, this does not rise to the level of a constitutional violation. He also raises for the first time allegations of judicial bias and harrassment and perjury by the County. Issues raised for the first time on appeal generally will not be considered unless the questions are purely legal ones, the record is fully developed, the resolution of the issue is clear and injustice might otherwise result. *Quinn v. Robinson*, 783 F.2d 776, 814 (9th Cir.), *cert. denied*, 479 U.S. 882, 107 S.Ct. 271, 93 L.Ed.2d 247 (1986). Those requirements are not met here.

## CONCLUSION

The district court's dismissal of Brogan's complaint is AFFIRMED.