26 F.3d 129
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
James William ANDRAKIN, and A Class of Defendants, of
Parking Citations, in San Francisco, California,
Plaintiff-Appellant,
v.
S.F. PARKING & TRAFFIC COMMISSION; Municipal Court of the
City & County of San Francisco; the City & County
of San Francisco and Pick Your Part Auto
Wrecking dba City Tow,
Defendants-Appellees.
 No. 93-17170.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 24, 1994.*
Decided May 27, 1994.
 
 Before: HUG, D.W. NELSON, and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 James William Andrakin appeals pro se the district court's dismissal of his 42 U.S.C. Sec. 1983 action pursuant to Fed.R.Civ.P. 12(b)(6) for failure to state a claim upon which relief may be granted. We have jurisdiction pursuant to 28 U.S.C. Sec. 1291. We review de novo, see Holden v. Hagopian, 978 F.2d 1115, 1118 (9th Cir.1992), and affirm.[1]
 
 
 3
 To state a claim for relief under 42 U.S.C. Sec. 1983, Andrakin had to allege facts showing that defendants deprived him of a right, privilege, or immunity secured by the federal constitution or a federal statute. Karim-Panahi v. Los Angeles Police Dep't., 839 F.2d 621, 624 (9th Cir.1988). We discern from our review of Andrakin's complaint and opening brief two main contentions.
 
 
 4
 First, Andrakin contends he was entitled to a jury trial for his outstanding parking citations. This contention lacks merit.[2]
 
 
 5
 Andrakin had no right to a jury trial under the Seventh Amendment to the United States Constitution because the Seventh Amendment is not applicable to the states. See Minneapolis & St. L.R.R. v. Bombolis, 241 U.S. 211, 216-17 (1916); Jackson Water Works, Inc. v. Public Utils. Comm'n, 793 F.2d 1090, 1096 (9th Cir.1986), cert. denied, 479 U.S. 1102 (1987); see also Fresno Rifle & Pistol Club, Inc. v. Van De Kamp, 965 F.2d 723, 730 (9th Cir.1992) (Seventh Amendment not applicable to states through Fourteenth Amendment). In addition, Andrakin was not entitled to a jury trial under the Sixth Amendment because the parking citations for which he sought a jury trial are petty offenses. See United States v. Stansell, 847 F.2d 609, 611 (9th Cir.1988) (sixth amendment right to jury trial does not extend to petty offenses; where maximum penalty does not exceed six months imprisonment, $500 fine, or both, offense is presumptively petty); Cal.Veh.Code Sec. 40000.1 (West 1985) (defining parking violations as "infractions"); Cal.Penal Code Sec. 19.6 (West 1994) (infractions not punishable by imprisonment). Absent a basis in federal law, Andrakin's contention that he was entitled to a jury trial fails.[3]
 
 
 6
 Andrakin also contends defendants have deprived him of property without due process. This contention lacks merit.
 
 
 7
 The striking aspect of this case is the amount of process Andrakin has received. Andrakin was allowed to attend the tow hearing. In addition, Andrakin was given, by his count, 14 court trials on his outstanding parking citations. Following those trials, he exercised his right to appeal.
 
 
 8
 To the extent Andrakin contends he was denied due process because he did not receive a jury trial, we have already determined that Andrakin was not entitled to such a trial under federal law. Moreover, in light of the circumstances of this case and the availability of post-tow hearing procedures and remedies, we conclude that defendants' failure to hold the tow hearing within 48 hours of the request does not support a federal constitutional claim. See Brogan v. San Mateo County, 901 F.2d 762, 764 (9th Cir.1990) ("[w]hen state remedies are adequate to protect an individual's procedural due process rights, a section 1983 action alleging a violation of those rights will not stand").
 
 AFFIRMED.[4]
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 In district court, Andrakin attached numerous exhibits and other materials to his pleadings. Generally, when matters outside the pleadings are presented to and not excluded by the district court, the court should treat a motion to dismiss for failure to state a claim as a motion for summary judgment. Fed.R.Civ.P. 12(b); Fort Vancouver Plywood Co. v. United States, 747 F.2d 547, 552 (9th Cir.1984). The record shows, however, that the district court did not consider the extra materials Andrakin submitted, and expressly indicated that it was granting defendants' motion to dismiss. Under these circumstances, the district court properly treated defendants' motion as a motion to dismiss. See North Star Int'l v. Arizona Corp. Comm'n, 720 F.2d 578, 582 (9th Cir.1983). We therefore limit our review to the contents of Andrakin's complaint and the materials properly attached thereto. See Holden, 978 F.2d at 1118
 
 
 [2]
 To the extent Andrakin contends he was entitled to a jury trial to determine whether his truck was legally towed, this contention also lacks merit. Andrakin's truck was towed pursuant to Cal.Veh.Code Sec. 22651(i), which authorizes the City of San Francisco ("City") to impound any vehicle with five or more outstanding parking citations. See Cal.Veh.Code Sec. 22651(i) (West 1994). As the district court stated, the fact that the City towed Andrakin's vehicle pursuant to section 22651(i) does not mean he was charged with violating that section
 
 
 [3]
 Because a section 1983 action must be based on the deprivation of rights secured by federal law, see Karim-Panahi, 839 F.2d at 624, whether Andrakin had a right to a jury trial under the California constitution or California law is irrelevant. Therefore, although the district court considered Andrakin's argument based on Cal.Veh.Code Sec. 40000.28 (West 1985), we decline to do so. See Tipton v. University of Hawaii, 15 F.3d 922, 925 (9th Cir.1994) (court of appeals may affirm district court's judgment on any ground supported by record)
 
 
 [4]
 In his notice of appeal, Andrakin indicated that he also was appealing the district court's denial of his Fed.R.Civ.P. 59 motion to amend the judgment. On appeal, Andrakin has not raised any issues directly challenging that decision. Nevertheless, we have reviewed his motion and conclude that the district court did not abuse its discretion by denying it. See School Dist. No. 1J v. ACandS, Inc., 5 F.3d 1255, 1262 (9th Cir.1993)