29 F.3d 633
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Mark Steven PRICE, Plaintiff-Appellant,
v.
Joseph M. ARPAIO, et al., Defendants-Appellees.
 No. 94-15109.
 United States Court of Appeals, Ninth Circuit.
 Submitted July 18, 1994.*
Decided July 25, 1994.
 
 Before: FARRIS, KOZINSKI, and NOONAN, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Arizona state detainee Mark Steven Price, a pretrial detainee classified for maximum security, appeals pro se the district court's dismissal prior to issuance and service of process of his 42 U.S.C. Sec. 1983 action alleging that prison officials violated his civil rights by denying him contact visits with family and friends. We have jurisdiction under 28 U.S.C. Sec. 1291. We review de novo, Oscar v. University Students Co-Operative Ass'n, 965 F.2d 783, 785 (9th Cir.) (en banc), cert. denied, 113 S.Ct. 655 (1992), and affirm.
 
 
 3
 Price does not dispute the fact that he has no constitutional right to contact visits. Block v. Rutherford, 468 U.S. 576, 589 (1984). Price argues that the state's policy of affording medium and minimum security detainees the opportunity to have contact visits while denying maximum security detainees the same right violates the Equal Protection Clause. Even if distinguishing between maximum security detainees and medium security detainees implicated Price's Equal Protection rights, security in prison is a compelling state interest sufficient to encroach upon that right. "[M]aintaining institutional security and preserving internal order and discipline are essential goals that may require limitation or retraction of the retained constitutional rights of both convicted prisoners and pretrial detainees." Bell v. Wolfish, 441 U.S. 520, 546 (1979).
 
 
 4
 In addition, Price recognizes that denial of contact visits is non-punitive. Block, 468 U.S. at 589; Toussaint v. McCarthy, 801 F.2d 1080, 1114 (9th Cir.1986), cert. denied, 481 U.S. 1069 (1987). Price argues, however, that the state's refusal to allow him contact visits equally with other detainees at the same institution is a form of punishment. Drawing a distinction between maximum security detainees and other detainees such that only the latter may enjoy contact visits does not amount to a "serious deprivation." Hudson v. McMillian, 500 U.S. 294, 304 (1992); Wilson v. Seiter, 111 S.Ct. 2321, 2324 (1991). Denying maximum security detainees contact visits is based on legitimate security concerns of the institution. LeMaire v. Maass, 12 F.3d 1444, 1457 (9th Cir.1993) (upholding use of in-shower restraints for dangerous prisoners).
 
 
 5
 Price's third contention, that the Constitution does not permit jail authorities to classify pretrial detainees to any level of security ranging from maximum to minimum based upon the discretion of jail authorities, was not raised before the district court. Issues raised for the first time on appeal generally will not be considered unless the questions are purely legal ones, the record is fully developed, the resolution of the issue is clear and injustice might otherwise result. Brogan v. San Mateo County, 901 F.2d 762, 765 (9th Cir.1990). Those requirements are not met here.
 
 
 6
 Price has raised no colorable claims.
 
 
 7
 AFFIRMED.
 
 
 
 *
 The panel finds this case appropriate for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this Circuit except as provided by Ninth Circuit Rule 36-3