42 F.3d 1399
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Richard Lee DUNCAN, Plaintiff-Appellant,
v.
Fife SYMINGTON, et al., Defendant-Appellee.
 No. 94-15595.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 1, 1994.*
Decided Nov. 4, 1994.
 
 Before: WALLACE, Chief Judge, GOODWIN and NORRIS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Richard Duncan appeals pro se the district court's dismissal of his action for failure to state a claim. Duncan alleged that Arizona's mandatory insurance law for motorists constitutes involuntary servitude in violation of the Thirteenth Amendment. We have jurisdiction pursuant to 28 U.S.C. Sec. 1291, and affirm.
 
 
 3
 Duncan does not allege nor can the facts be construed to allege a violation of the Thirteenth Amendment. "[T]he term 'involuntary servitude' necessarily means a condition of servitude in which the victim is forced to work for the defendant by the use or threat ... of coercion through law or the legal process." United States v. Kozminski, 487 U.S. 931, 952 (1988); see Brogan v. San Mateo County, 901 F.2d 762, 764 (9th Cir.1990) (state work program encouraged employment and did not violate the Thirteenth Amendment because person had alternative to performing the labor). Here, Arizona's mandatory insurance law for motorists does not impose a requirement that the motorist work. Because the law does not violate the prohibition against involuntary servitude, the district court did not err by dismissing Duncan's action for failure to state a claim. See Kozminski, 487 U.S. at 952.
 
 
 4
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3