97 F.3d 1459
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Donald Richard JOHNSON, Plaintiff-Appellant,
v.
CITY OF MESA ARIZONA POLICE DEPARTMENT; John I-X Does,
various employees and/or agents of the Mesa
Arizona Police Department in their
individual and official
capacities;
Defendants-Appellees.
 No. 95-15500.
 United States Court of Appeals, Ninth Circuit.
 Submitted Sept. 10, 1996.*
Decided Sept. 12, 1996.
 
 Before: FLETCHER, BRUNETTI, and JOHN T. NOONAN, Jr., Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Donald Richard Johnson, a Utah state prisoner, appeals pro se the district court's dismissal of his 42 U.S.C. § 1983 action as frivolous.[1] We have jurisdiction pursuant to 28 U.S.C. § 1291, and we vacate and remand for further proceedings.
 
 
 3
 We review the district court's sua sponte dismissal prior to service of process for abuse of discretion. See Denton v. Hernandez, 504 U.S. 25, 33 (1992). The district court may dismiss an in forma pauperis complaint if it is frivolous. Neitzke v. Williams, 490 U.S. 319, 324 (1989); McKeever v. Block, 932 F.2d 795, 798 (9th Cir.1991). A complaint is frivolous if "it lacks an arguable basis either in law or in fact." Neitzke, 490 U.S. at 325.
 
 
 4
 Unless it is absolutely clear that no amendment can cure the defect, a pro se litigant proceeding in forma pauperis is entitled to notice and an opportunity to amend the complaint before dismissal. See Lucas v. Dep't of Corrections, 66 F.3d 245, 248-49 (9th Cir.1995) (per curiam); Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir.1987). Moreover, in civil rights actions where the plaintiff appears pro se, the court must construe pleadings liberally and afford the plaintiff the benefit of any doubt. Lopez v. Dep't of Health Serv., 939 F.2d 881, 882 (9th Cir.1991).
 
 
 5
 Johnson alleged in his complaint that his constitutional rights were violated when (1) the City of Mesa Police Department failed to investigate the theft of his property, which he had left with a friend while he was in prison, and (2) impounded and sold one of the stolen vehicles after it was recovered, without providing him with notice and an opportunity to be heard. The district court dismissed Johnson's complaint because he named Doe defendants and because he failed to allege any custom or policy as to the City of Mesa as required by Monell v. Dep't of Social Serv., 436 U.S. 658, 691 (1978). The district court also held that it was not possible for Johnson to state a claim for the above actions.
 
 
 6
 The district court correctly noted that Johnson did not name the proper defendants or allege a "special relationship" in his claim that the City of Mesa police refused to investigate the theft of his property. See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699-700 (9th Cir.1990) ("There is, in general no constitutional duty of state officials to protect members of the public at large from crime.... However, such a duty may arise by virtue of a 'special relationship' between the state officials and a particular member of the public."). It is not, however, absolutely clear that no amendment would have enabled Johnson to allege a constitutional violation. See Lopez, 939 F.2d at 882; Noll, 809 F.2d at 1448. In addition, the district court abused its discretion by dismissing the City of Mesa, because in his complaint Johnson alleges that the City of Mesa has a policy of not investigating crimes when the victim is imprisoned. See Navarro v. Block, 72 F.3d 712, 714 (9th Cir.1995) (holding that "plaintiff may prove the existence of a custom or informal policy with evidence of repeated constitutional violations for which the errant municipal officials were not discharged or reprimanded." (quotations omitted)).
 
 
 7
 Finally, Johnson's allegation that his due process rights were violated when his vehicle was impounded and sold without giving him notice has an arguable basis in law. See Scofield v. City of Hillsborough, 862 F.2d 759, 762-65 (9th Cir.1988) (prompt post-tow notice and hearing are required); Draper v. Coombs, 792 F.2d 915, 922-23 (9th Cir.1986) (post-tow hearing required after impounding vehicle in the possession of person who has been arrested); Stypmann v. City and County of San Francisco, 557 F.2d 1338, 1342-44 (9th Cir.1977) (post-tow hearing is required after impounding a vehicle). Moreover, it is not clear from the record whether Arizona has an adequate state law remedy under which Johnson may seek redress. Cf. Parratt v. Taylor, 451 U.S. 527, 543 (1981), overruled on other grounds, Daniels v. Williams, 474 U.S. 327 (1986); Brogan v. San Mateo County, 901 F.2d 762, 764 (9th Cir.1990) ("When state remedies are adequate to protect an individual's procedural due process rights, a section 1983 action alleging a violation of those rights will not stand.").
 
 
 8
 Because Johnson's claims have an arguable basis in law, and because Johnson may be able to amend his complaint to allege constitutional violations, the district court abused its discretion by dismissing these claims without providing Johnson with the opportunity to amend. See Lopez, 939 F.2d at 882; Noll, 809 F.2d at 1448. Accordingly, we vacate and remand the action to the district court so that specific notice of the complaint's deficiencies and an opportunity to amend can be provided to Johnson. See Lucas, 66 F.3d at 248.[2]
 
 
 9
 VACATED and REMANDED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The district court dismissed Johnson's action as frivolous under 28 U.S.C. § 1915(d), now 28 U.S.C. § 1915(e)(2). See Prison Litigation Reform Act, Pub.L. No. 104-134, 110 Stat. 1321 (1996)
 
 
 [2]
 Because Johnson was entitled to receive notice and an opportunity to amend, see Lucas, 66 F.3d at 248, we need not consider the applicability of the Prison Litigation Reform Act, Pub.L. No. 104-134, 110 Stat. 1321 (1996), in our disposition of this appeal. Upon remand, the district court should consider the applicability of the Act, if any