112 F.3d 516
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Stevens Lawrence HART, Plaintiff-Appellant,
v.
JEFFERSON COUNTY; Jefferson County Fair Board; City of
Madras; Mike Troop, Sheriff; Gary A. Weathers; Bob
Beatty, Deputy; Peco Courtney, Officer; Tom Adams,
Officer; Teddi Waldorf, Officer; David Jon Allison,
Officer; David A. Nilles, Officer; David Allen; William
Hanlon; Floyd C. Bauer; Lowell Patterson; Pete McCabe;
Ham Perkins; Patti Bender; Peggy Boyle, Defendants-Appellees.
 No. 96-35381.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 21, 1997.*
Decided April 24, 1997.
 
 Before BROWNING, THOMPSON, and HAWKINS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Stevens Lawrence Hart appeals pro se the district court's decisions (1) granting defendants' partial summary judgment motions relating to Hart's claims of false arrest, a civil rights conspiracy, and deprivation of property; and (2) ruling that defendants Allen and Hanlon are entitled to absolute prosecutorial immunity for all actions. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo a district court's grant of summary judgment. See Jesinger v. Nevada Fed. Credit Union, 24 F.3d 1127, 1130 (9th Cir.1994). We affirm.[1]
 
 1. False Arrest
 A. September 12, 1992
 
 3
 Hart contends that the district court erred by granting defendants Hanlon and Allen summary judgment on Hart's false arrest claims arising from the September 12, 1992 incident. Hart alleged that defendant Hanlon, a district attorney, and defendant Allen, a deputy district attorney, ordered Hart's arrest after the September 12, 1992 incident of domestic violence. After a de novo review of the record, we conclude that probable cause for Hart's arrest existed in this incident. See Or.Rev.Stat. § 131.005(11). Accordingly, the district court did not err by granting Hanlon and Allen summary judgment on Hart's false arrest claims arising from the September 12, 1992 incident. See Smiddy v. Varney, 665 F.2d 261, 266 (9th Cir.1981).[2]
 
 B. September 14, 1992
 
 4
 Hart contends that the district court erred by granting defendant Davis summary judgment on Hart's claim of false arrest arising from the September 14, 1992 citation. We determine whether an arrest has occurred by an examination of all the circumstances surrounding the arrest. See United States v. Beck, 598 F.2d 497, 500 (9th Cir.1979).
 
 
 5
 Hart stated that Davis simply handed Hart the citation in Hart's shop. The circumstances of Davis's issuance of a citation to Hart simply do not constitute an arrest for purposes of Hart's claim of false arrest. See Johnson v. Barker, 799 F.2d 1396, 1399 (9th Cir.1986). Accordingly, the district court did not err by granting Davis summary judgment on Hart's false arrest claim arising from the September 14, 1992 incident.
 
 C. October 12, 1992 and August 9, 1993
 
 6
 Hart contends that the district court erred by granting summary judgment to defendants on Hart's claims of false arrest arising from the October 12, 1992 and the August 9, 1993 incidents. As to all defendants but Hanlon and Allen, we affirm the summary judgment for the reasons stated in the district court's opinion filed on February 24, 1995. As to defendants Hanlon and Allen, we conclude after de novo review of the record that probable cause for Hart's arrest existed in both incidents. See Or.Rev.Stat. § 131.005(11). Accordingly, the district court did not err by granting defendants summary judgment on Hart's false arrest claims arising from the October 12, 1992, and August 9, 1993, incidents. See Smiddy, 665 F.2d at 266.
 
 2. Civil Rights Conspiracy
 
 7
 Hart contends that the district court erred by granting defendants summary judgment on Hart's claim of a civil rights conspiracy. In his complaint, Hart claimed that certain defendants conspired to force Hart to terminate a contract. On appeal, Hart contends instead that certain defendants conspired to deprive Hart of his rights under the Constitution by arranging Hart's arrest and prosecution on false charges. We see no reason to depart from the general rule that we will not consider claims not raised in the plaintiff's complaint. See Brogan v. San Mateo County, 901 F.2d 762, 765 (9th Cir.1990).
 
 3. Deprivation of Property
 
 8
 Hart contends that the district court erred by denying him summary judgment on the issue of deprivation of property. We affirm for the reasons set out in the district court's opinion of February 24, 1995.
 
 4. Prosecutorial Immunity
 
 9
 Hart contends that the district court erred by ruling that defendants Allen and Hanlon were entitled to prosecutorial immunity from Hart's false arrest claims. Although this contention has merit, we conclude that probable cause supported Hart's arrests. See Or.Rev.Stat. § 131.005(11). Accordingly, the district court did not err by granting summary judgment to defendants Hanlon and Allen on Hart's false arrest claims. See Smiddy, 665 F.2d at 266; See Reynolds, 84 F.3d at 1166.
 
 
 10
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 We may affirm the district court's holding for any reason supported by the record. See Reynolds v. County of San Diego, 84 F.3d 1162, 1166 (9th Cir.1996)
 
 
 [2]
 We decline to review Hart's false arrest contentions against defendants Courtney and Beatty arising from the September 9, 1992 incident. Hart's claims against these defendants were dismissed without prejudice on Hart's motion on March 6, 1996. See Coursen v. A.H. Robbins Co., Inc., 764 F.2d 1329, 1342, corrected, 773 F.2d 1049 (9th Cir.1985)