124 F.3d 215
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Ray WATSON, Plaintiff-Appellant,
v.
William SZCZEPANIAK; Las Vegas Valley Water District,
Defendants-Appellees.
 No. 96-17290.
 United States Court of Appeals, Ninth Circuit.
 Submitted Sept. 8, 1997.**
Decided Sept. 12, 1997.
 
 Appeal from the United States District Court for the District of Nevada, No. CV-95-00189-LDG/RJJU; Lloyd D. George, District Judge, Presiding.
 Before: HALL, BRUNETTI, and THOMAS, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Ray Watson appeals pro se the district court's summary judgment in favor of defendants in his 42 U.S.C. § 1983 action alleging that his constitutional rights were violated when he was terminated from the position of water enforcement officer for the Las Vegas Valley Water District. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.[1]
 
 
 3
 Watson contends that the district court erred by granting defendants' motion for a protective order prohibiting the depositions of county commissioners and the water district's general manager. We review the district court's rulings concerning discovery for abuse of discretion. See Brown Bag Software v. Symantec Corp., 960 F.2d 1465, 1469 (9th Cir.1992). Watson failed to allege that the commissioners or the district manager had any personal information relevant to his case. Accordingly, the district court did not abuse its discretion in granting the protective order. See id.
 
 
 4
 Watson contends that the district court erred by dismissing his first cause of action, consisting of claims arising from his termination and post-termination hearing. The district court's dismissal of these claims pursuant to Fed.R.Civ.P. 12(b)(6) will be upheld only if the plaintiff would be entitled to no relief under any set of facts that could be proven. See Jones v. Community Redevelopment Agency, 733 F.2d 646, 648-49 (9th Cir.1984).
 
 
 5
 To the extent that Watson's claims of violation of his constitutional rights arise from his termination, the district court correctly dismissed them as barred by the relevant statute of limitations, see Wilson v. Garcia, 471 U.S. 261, 276 (1985); Nev.Rev.Stat. § 11.190(4)(e).
 
 
 6
 However, Watson also claimed violations of his rights to procedural and substantive due process arising from his post-termination hearing, which were not barred by the statute of limitations. See Wilson v. Garcia, 471 U.S. 261, 276 (1985); Nev. Rev. Stat. § 11.190(4)(e). Nevertheless, because Watson did not allege facts implicating the violation of a fundamental right, and defendants' decision to terminate him was at least rationally related to a legitimate governmental interest, he failed to make out a claim for violation of his substantive due process rights. See Wedges/Ledges of Cal., Inc. v. City of Phoenix, 24 F.3d 56, 66 (9th Cir.1994).
 
 
 7
 Watson also alleged that the employer-appointed hearing officer at his post-termination hearing was biased, violating his right to procedural due process. Watson was a public employee with a due process property right in his employment. See Sweikert v. Briare, 588 P.2d 542, 544 (Nev.1978). Because Watson failed to allege sufficient facts showing personal or institutional bias on the part of the hearing officer, the district court did not err in dismissing this claim under Fed.R.Civ.P. 12(b)(6). See Jordan v. City of Lake Oswego, 734 F.2d 1374, 1376 & n. 1 (9th Cir.1984).
 
 
 8
 Watson contends that the district court erred by granting defendant Donnelly's motion to dismiss. Watson's federal claims against defendant Donnelly were barred under Nevada's two-year statute of limitations. See Nev.Rev.Stat. § 11.190(4)(e). Accordingly, the district court did not err by dismissing these claims. See id,
 
 
 9
 Watson contends that the district court erred by refusing to permit him to file a second amended complaint after the defendants had already filed responsive pleadings. We review for abuse of discretion the district court's denial of leave to amend the pleadings after a responsive pleading has been filed. See Jones, 733 F.2d at 650. Watson failed to comply with the district court's local rules in his motions to amend his complaint. See D. Nev. Local R. 140-3. Accordingly, the district court did not abuse its discretion by denying them. See Ghazali v. Moran, 46 F.3d 52, 54 (9th Cir.1995) (per curiam).
 
 
 10
 Watson contends that the district court erred by imposing sanctions on him for failing to attend a scheduled deposition. We review the court's imposition of sanctions for failure to comply with discovery for abuse of discretion. See United Artist Corp. & L.P.A.A. v. La Care Aux Folles, Inc., 771 F.2d 1265, 1270 (9th Cir.1985). Watson received notice of the sanctions and opportunity to respond before they were imposed. Moreover, the district court had good cause to impose the sanctions in light of Watson's refusal to cooperate with defendants' attempts to take his deposition. Watson's arguments that sanctions were inappropriate because the court allegedly failed to issue a scheduling order are inapposite. Accordingly, the district court did not abuse its discretion in imposing the sanctions on Watson. See id.
 
 
 11
 Watson contends that the district court erred by granting defendants' summary judgment motion on Watson's claim that defendants' failure to reveal certain evidence to Watson during his termination process constituted a violation of his due process rights, and erred by granting defendants summary judgment on Watson's pendent state claim. We review the grant of summary judgment de novo. See Jesinger v. Nevada Fed. Credit Union, 24 F.3d 1127, 1130 (9th Cir.1994). Watson failed to show that the withholding of the March 5, 1993 letter from the city attorney's office, and his inability to cross-examine the author of the letter, affected his opportunity to be heard at a meaningful time and in a meaningful manner. See Mathews v. Eldridge, 424 U.S. 319, 333 (1976). Accordingly, the district court did not err by dismissing this claim. See Jesinger, 24 F.3d at 1130.
 
 AFFIRMED.[2]
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 We may affirm on any grounds supported by the record. See Granite State Ins. Co. v. Smart Modular Techs., Inc., 76 F.3d 1023, 1026 (9th Cir.1996)
 
 
 [2]
 We decline to address Watson's contentions regarding Richard Wimmer as they are raised for the first time on appeal. See Brogan v. San Mateo County, 901 F.2d 762, 765 (9th Cir.1990)