133 F.3d 929
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Harriet E. SMITH, Plaintiff-Appellant,
v.
CITY of Berkeley; U.S. Department of Housing and Urban
Development; Howard Moore, Jr.; Janet Reno, Attorney
General, U.S. Department of Justice; Henry Cusberos,
Secretary of Hud; Weldon Rucker, City Manager, Berkeley;
Lori Hancock, Mayor; Manuela Scotta-Albuquerque, City
Attorney; Neil Mayer, Housing and Redevelopment (CD)
Director; Ted Burton, Housing and Redevelopment (CD)
Manager; Wayne Jeronimus, Housing and Redevelopment (CD)
Project Coordinator; Linda Maio; Mary Wainwright;
Maudelle Shirek; Dona Spring; Shirley Dean; Betty Olds;
Carla Woodworth; Fred Collignon, City Council Members,
Defendants-Appellees.
 No. 96-16311.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 15, 1997.**
Decided Dec. 17, 1997.
 
 Before: SNEED, LEAVY, and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Harriet E. Smith appeals pro se the district court's dismissal pursuant to Fed. R. Civ. F. 12(b)(1) and (6) of her FOIA action brought against he United States Attorney general and the Secretary of the Department of Housing and Urban Development. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.
 
 
 3
 We review de novo the district court's dismissal for lack of subject matter jurisdiction. See Kruso v. International Tel. and Tel. Corp., 872 F.2d 1416, 1421 (9th Cir.1989).
 
 
 4
 The district court lacked jurisdiction over Smith's FOIA action based on her 1995 FOIA request because Smith did not exhaust her administrative remedy by sending a record request to defendant Department of Housing and Urban Development ("DHUD"). See United States v. Steele (In Re Steele), 799 F.2d 461, 465 (9th Cir.1986).[1]
 
 
 5
 We decline to consider Smish's remaining contentions regarding claims alleged in her first amended complaint, but not realleged in her second amended complaint. See Marx v. Loral Corp., 37 F.3d 1049, 1055-56 (9th Cir.1996).
 
 
 6
 AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4. Accordingly, Smith's request for oral argument is denied
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 We decline to consider Smith's arguments regarding FOIA requests made in 1988 and 1991 because they are raised for the first time on appeal. See Brogan v. San Mateo County, 901 F.2d 762, 765 (9th Cir.1995)