141 F.3d 1176
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Raymond C. JONES, Plaintiff-Appellant,
v.
City of Pasadena, A Municipal corporation; Broadway Federal
Savings & Loan, Defendants-Appellees.
 No. 96-56309.
D.C. No. CV-95-03798-RAP-CTx.
 United States Court of Appeals, Ninth Circuit.
 Submitted Mar. 10, 1998**.
Decided Mar. 17, 1998.
 
 Appeal from the United States District Court for the Central District of California Richard A. Paez, District Judge, Presiding.
 Before FLETCHER, BEEZER, and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Raymond C. Jones appeals pro se the district court's summary judgment for defendants in Jones' action under 42 U.S.C. §§ 1983 and 1985 alleging that defendants conspired to deprive Jones of certain real property in violation of the Fifth and Fourteenth Amendments. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo the district court's grant of summary judgment, see Jesinger v. Nevada Fed. Credit Union, 24 F.3d 1127, 1130 (9th Cir.1994), and we affirm.
 
 
 3
 Jones contends that the district court erred by granting defendants summary judgment on his claim under 42 U.S.C. § 1983. Because Jones failed to raise a genuine issue of material fact as to whether he had an adequate remedy under state law, the district court did not err by granting defendants summary judgment on any claim Jones asserted based on denial of procedural due process under the Fourteenth Amendment. See Brogan v. San Mateo County, 901 F.2d 762, 764 (9th Cir.1990). Jones cannot assert a Fourteenth Amendment substantive due process claim, because such a claim could be addressed by the explicit textual provisions of the Fifth Amendment. See Armendariz v. Penman, 75 F.3d 1311, 1325-26 (9th Cir.1996) (en banc).[1]
 
 
 4
 Jones contends that the district court erred by granting defendants summary judgment on his conspiracy claim under 42 U.S.C. § 1985(3). Because Jones failed to show he is a member of a protected class, the district court did not err by granting defendants summary judgment on his conspiracy claim under 42 U.S.C. § 1985(3). See Maynard v. City of San Jose, 37 F.3d 1396, 1403 (9th Cir.1994).
 
 
 5
 Finally, Jones contends that the district court erred by denying his oral request, made at the hearing on defendants' summary judgment motion, to amend his pleadings. Because Jones requested leave to amend his complaint at the hearing on defendants' summary judgment motion after undue delay, the district court did not abuse its discretion by denying leave to amend. See Schlacter-Jones v. General Telephone, 936 F.2d 435, 443 (9th Cir.1991).
 
 
 6
 AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4. Accordingly, Jones' request for oral argument is denied
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 To the extent that Jones makes out a 42 U.S.C. § 1983 claim on the basis of the takings clause of the Fifth Amendment, this claim is not ripe because he has not sought redress from the City of Pasadena in state court. See Williamson County Reg. Planning Comm'n v. Hamilton Bank, 473 U.S. 172, 194-97, 105 S.Ct. 3108, 87 L.Ed.2d 126 (1985)