142 F.3d 443
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Darrell Rena JONES, Plaintiff-Appellant,
v.
Charles D. MARSHALL, Warden, Defendant-Appellee.
 No. 95-16695.
D.C. No. CV-93-03885-DLJ.
 United States Court of Appeals,
Ninth Circuit.
 April 23, 1998.
Submitted April 20, 1998.**
 
 1
 Appeal from the United States District Court for the Northern District of California, D. Lowell Jensen, District Judge, Presiding.
 
 
 2
 Before BRUNETTI, RYMER, and T.G. NELSON, Circuit JJ.
 
 
 3
 MEMORANDUM*
 
 
 4
 Darrell Rena Jones, a California state prisoner, appeals pro se the district court's summary judgment for defendant in his 42 U.S.C. § 1983 action alleging violation of the Fourteenth Amendment.[1] We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo the district court's grant of summary judgment, see Barnett v. Centoni, 31 F.3d 813, 815 (9th Cir.1994) (per curiam), and we affirm.
 
 
 5
 Jones was identified as an affiliate of a prison gang and placed in the Special Housing Unit ("SHU") at Pelican Bay State Prison in 1991. Upon our review of the record, we conclude that the evidence relied upon by prison officials had sufficient indicia of reliability to support their conclusion that Jones was a prison gang affiliate. See Zimmerlee v. Keeney, 831 F.2d 183, 186-87 (9th Cir.1987).
 
 
 6
 AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir. R. 34-4. Accordingly, Jones's request for oral argument is denied. We grant Jones's motion to file an untimely reply brief and have considered the "response to statements made by the appellees brief" filed January 17, 1996
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 Because Jones's Fifth Amendment claim was abandoned in the district court, we decline to address it on appeal. See Brogan v. San Mateo County, 901 F.2d 762, 765 (9th Cir.1990). Assuming that Jones did not abandon his Fifth Amendment claim, he failed to present evidence that he had a reasonable belief that information obtained during the debriefing process would be used in a criminal prosecution. See United States v. Rendahl, 746 F.2d 553, 555 (9th Cir.1984)