145 F.3d 1340
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Leon R. RATTLER, Plaintiff-Appellant,
v.
Samuel SUBLETT; Dan Vannelli; Mike Linderman; Roy Ludlow;
Claud Spencer; Terry Stewart; Paul Howard; Lt.
O'Rear; Dave Christensen, Defendants-Appellees.
 No. 96-17007.
D.C. No. CV-96-00056-JMR.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 14, 1998.**
Decided May 18, 1998.
 
 Appeal from the United States District Court for the District of Arizona, John M. Roll, District Judge, Presiding.
 Before SCHROEDER TROTT, and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Arizona state prisoner Leon R. Rattler appeals pro se the district court's summary judgment in favor of state prison officials in Rattler's 42 U.S.C. § 1983 action alleging that the officials violated his First Amendment right to practice Islam. We have jurisdiction under 28 U.S.C. § 1291. We review de novo, see Bagdadi v. Nazar, 84 F.3d 1194, 1197 (9th Cir.1996), and affirm.
 
 
 3
 The district court reviewed Rattler's claims under the Religious Freedom Restoration Act of 1993, 42 U.S.C. §§ 2000bb-2000bb-4. In light of the Supreme Court's ruling that RFRA is unconstitutional, see City of Boerne v. Flores, --- U.S. ----, ----, 117 S.Ct. 2157, 2172, 138 L.Ed.2d 624 (1997), we determine the reasonableness of the prison officials' actions pursuant to the pre-RFRA factors articulated in Turner v. Safley, 482 U.S. 78, 89-90, 107 S.Ct. 2254, 96 L.Ed.2d 64 (1987). See Freeman v. Arpaio, 125 F.3d 732, 736 (9th Cir.1997). Under Turner, a regulation is valid "if it is reasonably related to legitimate penological interests." Turner, 482 U.S. at 89. Factors relevant in determining the reasonableness of a regulation include (1) the connection between the regulation and a legitimate, neutral government purpose, (2) the existence of alternative means of exercising the right, (3) the impact accommodation of the right would have on guards, other inmates, and prison resources, and (4) the absence of ready alternatives to the regulation. See id. at 89-91.
 
 
 4
 Rattler contends that prison officials were not entitled to summary judgment on the claim that they violated his First Amendment right to wear a kufi (Islamic head covering) at all times without limitation. This contention lacks merit. Rattler is allowed to wear a kufi at religious services and in his housing area, and the uncontradicted evidence established that the prison's ban on all headwear in the prison yard is reasonably related to the legitimate penological interest in maintaining security. See Turner, 482 U.S. at 89-91; Standing Deer v. Carlson, 831 F.2d 1525, 1528 (9th Cir.1987).
 
 
 5
 Rattler also contends that prison officials were not entitled to summary judgment on the claim that they impermissibly reduced the number of Saturday services for Muslim inmates. This contention lacks merit because Rattler failed to present any evidence that his religion mandates attendance at services on Saturdays. See Freeman, 125 F.3d at 736 (prisoner claiming a free exercise violation must demonstrate that he was prevented from engaging in conduct mandated by his faith).
 
 
 6
 We decline to consider Rattler's other claims because they were not properly raised in the district court. See Brogan v. San Mateo County, 901 F.2d 762, 765 (9th Cir.1990) ("Issues raised for the first time on appeal generally will not be considered unless the questions are purely legal ones, the record is fully developed, the resolution of the issue is clear and injustice might otherwise result").
 
 
 7
 AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, appellant's request for oral argument and appointment of counsel is denied
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3