Lea Purwin D'AGOSTINO,
Plaintiff—Appellant,

v.

Rockard John DELGADILLO;  et
al., Defendants—Appellees.

No. 04–55291.

D.C. No. CV–04–00878–WJR.

United States Court of Appeals,
Ninth Circuit.

Submitted Sept. 28, 2004.*

Decided Oct. 1, 2004.

---

* This panel unanimously finds this case suit-
able for decision without oral argument.  See
Fed. R.App. P. 34(a)(2).

Stephen Yagman, Yagman & Yagman & Reichmann & Bloomfield, Venice, CA, for Plaintiff–Appellant.

John W. Spiegel, Munger, Tolles & Olson, Claudia McGee Henry, Esq., Los Angeles, CA, for Defendant–Appellee.

Before T.G. NELSON, SILVERMAN, and GOULD, Circuit Judges.

## MEMORANDUM**

Lea Purwin D'Agostino appeals the district court's Rule 12(b)(6) dismissal of her 42 U.S.C. § 1983 action arising out of the April 10, 2001 primary election for the position of Los Angeles City Attorney. We have jurisdiction pursuant to 28 U.S.C. § 1291 and review de novo a district court's Rule 12(b)(6) dismissal for failure to state a claim upon which relief can be granted. *Libas Ltd. v. Carillo,* 329 F.3d 1128, 1130 (9th Cir.2003). We agree with the district court that D'Agostino cannot state a procedural due process claim because: (1) she has no property interest as a candidate in the primary in a city election; (2) she has an available California procedure to challenge Delgadillo's qualifications for city attorney; (3) Delgadillo was not acting under color of law; and (4) the city defendants are entitled to qualified immunity. Because the parties are familiar with the facts, we recite them only as necessary for this decision.

To state a § 1983 claim for procedural due process, D'Agostino must assert: "(1) a liberty or property interest protected by the Constitution; (2) a deprivation of the interest by the government; [and] (3) lack of process." *Portman v. County of Santa Clara,* 995 F.2d 898, 904 (9th Cir.1993).

■ D'Agostino argues that the district court erred in finding that she had no property interest. Property interests are not created by the constitution, but by state law. *Bd. of Regents v. Roth,* 408 U.S. 564, 577, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1972). To have a property interest, D'Agostino must "have a legitimate claim of entitlement." *Id.* D'Agostino's procedural due process claim fails because, as a losing candidate in a state election, she has no property interest in the elected position. *See Snowden v. Hughes,* 321 U.S. 1, 6–7, 64 S.Ct. 397, 88 L.Ed. 497 (1944); *Taylor v. Beckham,* 178 U.S. 548, 577–78, 20 S.Ct. 890, 44 L.Ed. 1187 (1900).

D'Agostino's argument that California Elections Code § 16703 and the City Charter create a property interest fails. *See* Cal. Elec.Code § 16703 (2003). Even if California courts annul an election, the courts can disregard only illegal votes under § 16703. *Bradley v. Perrodin,* 106 Cal.App.4th 1153, 131 Cal.Rptr.2d 402, 417 (2003). The remaining candidate is not automatically entitled to office under California law. *Id.* As a candidate with less

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

than 16% of the legal primary vote, D'Agostino lacks the "legitimate claim of entitlement" necessary to create a property interest under *Roth*.

In addition, D'Agostino cannot allege a lack of process. To state her claim, D'Agostino must allege a denial of adequate state procedural protection. *Portman*, 995 F.2d at 904; *Brogan v. San Mateo County*, 901 F.2d 762, 764 (9th Cir. 1990). D'Agostino has not alleged that the state denied her adequate procedural protection, and she declined the district court's offer of an opportunity to amend her complaint to state a claim.

In any event, California provides an adequate procedure to satisfy procedural due process. A private party in California may bring a quo warranto action to challenge any person allegedly holding or exercising public office unlawfully. Cal. Civ.Proc.Code § 803 (1980); *Nicolopulos v. City of Lawndale*, 91 Cal.App.4th 1221, 111 Cal.Rptr.2d 420, 422–25 (2001). The quo warranto procedure is the exclusive remedy to challenge title to an elected office and is an adequate post-deprivation process to satisfy procedural due process. *Id.* D'Agostino's argument that the quo warranto process is inadequate because the Attorney General must approve the suit fails because an arbitrary denial of permission by the Attorney General can be challenged in a state mandamus action. *Id.* at 425.

Delgadillo argues, in the alternative, that D'Agostino failed to sufficiently allege that Delgadillo acted under color of state law. We agree. To state a claim, D'Agostino must allege facts to establish that Delgadillo's infringement of her rights is "fairly attributable to the state." *Kirtley v. Rainey*, 326 F.3d 1088, 1096 (9th Cir.2003). D'Agostino alleges in her com-

plaint that Delgadillo intentionally concealed his lack of qualification for office and the city defendants relied on his false representation. D'Agostino does not allege that Delgadillo was exercising any powers of the state in the primary election or that there was any agreement between Delgadillo and the city clerk or elections officials. Delgadillo was merely a candidate for public office. These facts do not establish that Delgadillo's alleged misrepresentation was "fairly attributable" to the city defendants.

Finally, to the extent D'Agostino has sued the city defendants in their individual capacities to obtain damages, the district court did not err in finding that the city defendants were entitled to qualified immunity. Under the first step of the two-part qualified immunity test, we consider whether the alleged state officials' conduct violated a constitutional right. *Charfauros v. Bd. of Elections*, 249 F.3d 941, 952 (9th Cir.2001). D'Agostino cannot establish a violation of a constitutional right because, at most, she asserts negligence against the city officials for certifying Delgadillo's qualifications and the election. Mere negligence by city officials does not deprive an individual of liberty or property for purposes of procedural due process. *See Daniels v. Williams*, 474 U.S. 327, 330–31 (1986).

Because D'Agostino cannot state any elements of her § 1983 claim and declined the district court's offer to amend the complaint, the district court did not err in dismissing the complaint.[1]

AFFIRMED.

---

1. Because dismissal was appropriate, we

need not consider the district court's alterna-

tive ruling that it would abstain under *R.R. Comm'n of Texas v. Pullman Co.,* 312 U.S. 496, 61 S.Ct. 643, 85 L.Ed. 971 (1941).