**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAY 28 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ICT LAW AND TECHNOLOGY GROUP PLLC, FKA John Doe, <br><br>      Plaintiff-Appellant, <br><br>  v. <br><br> SEATREE PLLC, is a corporation organized under the laws of the State of Washington, said corporation further registered as a Professional Limited Liability Company (Pllc) with the Washington Secretary of State; et al., <br><br>      Defendants-Appellees. | No. 18-35823 <br><br> D.C. No. 2:17-cv-01572-TSZ <br><br> MEMORANDUM* |

Appeal from the United States District Court
for the Western District of Washington
Thomas S. Zilly, District Judge, Presiding

Submitted May 21, 2019**

Before: THOMAS, Chief Judge, FRIEDLAND and BENNETT, Circuit Judges.

ICT Law & Technology Group PLLC, FKA John Doe ("ICT") appeals from

---

  \*   This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

  \*\*   The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

the district court's judgment dismissing its 42 U.S.C. § 1983 action alleging federal claims. We have jurisdiction under 28 U.S.C. § 1291. We review de novo a dismissal under Federal Rule of Civil Procedure 12(c). *Lyon v. Chase Bank USA, N.A.*, 656 F.3d 877, 883 (9th Cir. 2011). We affirm.

The district court properly dismissed ICT's procedural due process claim (Count I) because ICT had an adequate state remedy. *See Brogan v. San Mateo County*, 901 F.2d 762, 764 (9th Cir. 1990) ("When state remedies are adequate to protect an individual's procedural due process rights, a section 1983 action alleging a violation of those rights will not stand."); *see also* Wash. R. App. P. 17.7 (setting forth procedures for an objection to a commissioner's ruling).

The district court properly dismissed ICT's claims regarding garnishment (Counts II and III) because ICT failed to allege facts sufficient to show that defendant King County failed to follow statutory procedures governing garnishment. *See* Wash. Rev. Code § 6.27.060, 6.27.070 (procedures for writ application and issuance of writ); *Watkins v. Peterson Enters., Inc.*, 973 P.2d 1037, 1043-46 (Wash. 1999) (en banc) (explaining that statutory procedures governing the garnishment process require strict adherence); *see also Castro v. County of Los Angeles*, 833 F.3d 1060, 1073-76 (9th Cir. 2016) (en banc) (discussing requirements to establish municipal liability under *Monell v. Department of Social Services*, 436 U.S. 658 (1978)).

The district court did not abuse its discretion by denying ICT's motions for reconsideration because ICT failed to set forth any basis for relief from the judgment. *See Sch. Dist. No. 1J, Multnomah Cty., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1262-63 (9th Cir. 1993) (setting forth standard of review and grounds for relief under Fed. R. Civ. P. 59(e) or 60(b)).

We reject as without merit ICT's contention regarding denial of its motion for declaratory judgment.

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or documents and facts not presented to the district court. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009); *United States v. Elias*, 921 F.2d 870, 874 (9th Cir. 1990).

Appellant's notices of intent to unseal (Docket Entry Nos. 29 and 49) will be resolved in a separate order. All other pending motions and requests, including ICT's request set forth in Docket Entry No. 32 for a telephonic hearing, are denied.

**AFFIRMED.**

18-35823